IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THOMAS FRANCIS HALE, <br><br> Petitioner, <br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255** <br><br> Civil No. 2:16-cv-00445-DN <br> (Crim. No. 2:06-cr-00871-DN) <br><br> District Judge David Nuffer |

Petitioner Thomas Francis Hale has been sentenced to a 27-month prison term followed by 18 months of supervised release on a conviction for Concealment under 18 U.S.C. § 152(1) and False Information and Hoax under 18 U.S.C. § 1038(a)(1).[1] On February 22, 2016, Mr. Hale filed Defendant's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 (the "Section 2255 Motion"),[2] seeking to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States."[3] Because the record does not support Mr. Hale's contentions that (1) he was incompetent to stand trial or (2) his trial counsel was ineffective, Mr. Hale's Motion is DENIED and the action is DISMISSED with prejudice.

**Table of Contents**
Background ........................................................................................................................ 2
Discussion ......................................................................................................................... 3
    Mr. Hale's Sentence Is Not Vacated for Incompetency to Stand Trial. ............................ 4
    Mr. Hale's Sentence Is Not Vacated for Ineffective Assistance of Counsel. ..................... 6
        Trial Counsel's Handling of Mr. Hale's Competence Did Not Constitute
            Ineffective Assistance of Counsel.............................................................. 7

---

[1] Amended Judgment, doc. 453, entered May 14, 2015, *United States v. Hale*, 2:06-cr-00871-DN [hereinafter, "*U.S. v. Hale*"].

[2] Defendant's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255, docket no. 1, filed Feb. 22, 2016.

[3] 28 U.S.C. § 2255(a).

          Trial Counsel's Former Relationship with an Adverse Witness Did Not Constitute
               Ineffective Assistance of Counsel................................................................ 8
          Trial Counsel's Level of Preparation for Trial Did Not Constitute Ineffective
               Assistance of Counsel. ............................................................................ 10
Order ................................................................................................................................. 11

## BACKGROUND

As of the filing of the Section 2255 Motion, Mr. Hale is on supervised release after serving a 27-month prison sentence for a conviction on one count of concealment of assets in a bankruptcy proceeding and one count of false information and hoax related to a crime involving biological weapons.[4] The conviction arises out of events that transpired as part of a Chapter 13 bankruptcy proceeding Mr. Hale filed on October 14, 2005.[5] The record shows that Mr. Hale contracted to sell his Salt Lake City home without disclosing the transaction to the Chapter 13 bankruptcy trustee;[6] and that Mr. Hale sent the bankruptcy trustee an envelope with unidentified biological material and a note that read "Possible Haz-mat? Termites or Hanta virus [sic] from mice?"[7]

After a four-day trial, a jury found Mr. Hale guilty on all three counts of the second superseding indictment, which included the offense of False Bankruptcy Oath under 18 U.S.C. § 152(2) in addition to the offenses of Concealment under 18 U.S.C. § 152(1) and False Information and Hoax under 18 U.S.C. § 1038(a)(1).[8] Judgment was first entered against Mr. Hale on these offenses on July 2, 2013.[9] Mr. Hale was sentenced to 27 months in the custody of

---

[4] Amended Judgment, doc. 453, entered May 14, 2015, *U.S. v. Hale*.

[5] Section 2255 Motion ¶ 2 at 2 (citing Tr. Exh. 1 & 2).

[6] *Id.* ¶ 5 at 2–3 (citing Tr. Exh. 77; Trial Tr. Vol. 1 at 292, 297–98, doc. 325).

[7] *Id.* ¶ 10 at 3–4 (citing Tr. Exh. 55).

[8] Jury Verdict, doc. 293, entered Jan. 25, 2013, *U.S. v. Hale*.

[9] Judgment, doc. 343, entered July 3, 2013, *U.S. v. Hale*.

the Bureau of Prisons and 36 months of supervised release.[10] An Amended Judgment modifying restitution was entered on July 11, 2013.[11] On remand from the U.S. Court of Appeals for the Tenth Circuit, the judgment against Mr. Hale was amended on November 13, 2014 to dismiss the count of False Bankruptcy Oath.[12] An Amended Judgment was entered again on May 14, 2015 to reduce Mr. Hale's term of supervised release from 36 months to 18 months,[13] as stipulated by the government to resolve an appeal of the November 13, 2014 Amended Judgment.

Mr. Hale moves under Section 2255 to vacate the sentence imposed by the May 14, 2015 Amended Judgment.[14] Although he has served the term of imprisonment, Mr. Hale is in federal custody by virtue of his ongoing term of supervised release.[15]

## DISCUSSION

Under Section 2255, a prisoner in federal custody may move the court which imposed his sentence to vacate the sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States."[16] Mr. Hale has moved to vacate his sentence on two grounds: (1) his alleged incompetency to stand trial in violation of procedural and substantive due process protections[17] and (2) the alleged ineffective assistance of trial counsel in violation of the Sixth Amendment.[18] A movant under Section 2255 is entitled to a hearing

---

[10] *Id.*

[11] Amended Judgment, doc. 360, entered July 11, 2013, *U.S. v. Hale*.

[12] Amended Judgment, doc. 435, entered Nov. 13, 2014, *U.S. v. Hale*.

[13] Amended Judgment, doc. 453, entered May 14, 2015, *U.S. v. Hale*.

[14] *Id.*

[15] *United States v. Condit*, 621 F.2d 1096, 1098 (10th Cir. 1980) (holding that, for purposes of Section 2255, supervised release constitutes "custody").

[16] 28 U.S.C. § 2255(a).

[17] Section 2255 Motion at 8–11, docket no. 1.

[18] *Id.* at 11–17.

unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[19] The motion may be denied without an evidentiary hearing where the movant's "allegations are merely conclusory, contradicted by the record, or inherently incredible."[20] Applying this standard, the Section 2255 Motion is denied without a hearing.

### Mr. Hale's Sentence Is Not Vacated for Incompetency to Stand Trial.

Mr. Hale argues that his procedural and substantive due process rights were violated because he was not competent to stand trial at the time of his conviction.[21] Mr. Hale contends that he "was heavily sedated and had difficulty communicating rationally with Trial Counsel."[22] The alleged sedation and difficulty with communication, according to Mr. Hale, resulted from taking prescribed narcotics and sedatives, as allegedly exacerbated by the interactions of the medications.[23]

The test for competency to stand trial is whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him."[24] Under the standard for competency set forth in the Supreme Court's decision in *Dusky v. United States*, the defendant must have a rational as well as factual understanding of the proceedings

---

[19] 28 U.S.C. § 2255(b).

[20] *United States v. Behrens*, 647 F. App'x 850, 854 (10th Cir. 2016) (quoting *Ellis v. United States*, 313 F.3d 636, 641 (1st Cir. 2002). *See also Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.").

[21] Section 2255 Motion at 8–11.

[22] *Id.* ¶ 35 at 9–10.

[23] *Id.* ¶ 40 at 10–11.

[24] *United States v. Mackovich*, 209 F.3d 1227, 1232 (10th Cir. 2000) (quoting *Drope v. Missouri*, 42 U.S. 162, 171 (1975)).

against him.[25] The "modest aim" of this standard is "to ensure that [the defendant] has the capacity to understand the proceedings and to assist counsel."[26] "Sufficient contact with reality" is the touchstone.[27]

The record shows conclusively that Mr. Hale had sufficient contact with reality to understand the proceedings against him factually and rationally. Mr. Hale's contention that the "direct and side effects of these medications served to undermine his alertness and awareness at trial" is not supported by anything more than Mr. Hale's own declaration.[28] The court's own observations about Mr. Hale's mental state at trial contradict Mr. Hale's declaration:[29]

> [T]he court observed Hale during trial and saw that he was alert, taking notes, observing the jury and witnesses, and interacting with his attorney each day. The court also engaged Hale in colloquies at different times during the trial. The court heard Hale respond appropriately on the record about exercising his right not to testify at trial, when Hale clearly stated that he concurred with his attorney's recommendation not to testify. Later, the court asked Hale about his choice not to be present for arguments on his Rule 29 motion and review of jury instructions the previous day. Again, Hale's answer was directly responsive and more than minimal, as Hale added that he felt there had been "sufficient discussion at that point" and thanking the judge for asking him the question. During the four day trial, the court never observed Hale exhibit any signs that he was incompetent, fatigued, impaired or medicated. Whenever questioned by the court, Hale responded clearly and appropriately.[30]

---

[25] *Lafferty v. Cook*, 949 F.2d 1546, 1550 (10th Cir. 1991) (citing *Dusky v. United States*, 362 U.S. 402, (1960)).

[26] *Mackovich*, 209 F.3d at 1231 (quoting *Godinez v. Moran*, 509 U.S. 389, 401 (1993)).

[27] *Lafferty*, 949 F.2d at 1551.

[28] Section 2255 Motion ¶ 16 at 5 (citing Declaration of Thomas Francis Hale [hereinafter, "Hale Declaration"], docket no. 456-1, filed Feb. 22, 2016).

[29] *See Bryson v. Ward*, 187 F.3d 1193, 1201 (10th Cir. 1999) (stating that a court may rely on its own observations of defendant's behavior in determining competency).

[30] Memorandum Decision and Order Denying Motion for a New Trial at 8–9, doc. 337, *U.S. v. Hale* (citing Trial Tr. Vol. 3 at 542–43, doc. 326, filed May 28, 2013; Trial Tr. Vol. 4 at 636, doc. 330, filed June 3, 2013).

A defendant need not enjoy perfect physical and mental health to be competent to stand trial.[31] To satisfy the standard for challenging his competency to stand trial, Mr. Hale would need some evidence that he was not just uncomfortable or struggling to concentrate, but that he could not attain a reasonable degree of factual and rational understanding of the proceedings against him. Because the record conclusively contradicts Mr. Hale's claims of incompetency, this basis for challenging his sentence is rejected.

## Mr. Hale's Sentence Is Not Vacated for Ineffective Assistance of Counsel.

Mr. Hale argues that his Sixth Amendment rights were violated by ineffective assistance of counsel at trial.[32] To prevail on an ineffective assistance claim, a defendant must meet a two-part test by showing that counsel's performance fell below an objective standard of reasonableness and that the defendant was prejudiced by the deficient performance.[33] Judicial review of counsel's performance is highly deferential. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."[34] There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[35]

Mr. Hale challenges the reasonableness of his trial counsel's representation on three bases. First, Mr. Hale argues that trial counsel should have raised competency as a defense but

---

[31] *United States v. Cox*, 181 F.3d 104, *3 (6th Cir.1999); *Hernandez v. Senkowski*, Nos. CV 98–5270 RR, CV 99–169 RR, 1999 WL 1495443, *12 (E.D.N.Y. Dec. 29, 1999).

[32] Section 2255 Motion ¶ 42 at 11, docket no. 1.

[33] *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984).

[34] *Id.* at 688 (internal quotations and citations omitted).

[35] *Bullock v. Carver*, 297 F.3d 1036, 1046 (10th Cir. 2002) (quoting *Strickland*, 466 U.S. at 689).

6

did not.[36] Second, Mr. Hale argues that trial counsel's prior relationship with a witness for the prosecution created a conflict of interest.[37] Third, Mr. Hale argues that trial counsel failed to prepare and present an adequate defense.[38] As to each of these challenges, Mr. Hale has not overcome the "strong presumption" that counsel was effective.[39]

### *Trial Counsel's Handling of Mr. Hale's Competence Did Not Constitute Ineffective Assistance of Counsel.*

Mr. Hale argues that trial counsel should have recognized that Mr. Hale lacked competency and raised the issue at trial.[40] Trial counsel has a general duty to raise the issue of a defendant client's competency "where there was evidence raising a substantial doubt about a petitioner's competence to stand trial."[41] As explained above, Mr. Hale's claim of incompetency is contradicted by the record.[42] Mr. Hale asserts, by way of example, that he was "sedated even to the point that he could not understand the type-written document regarding Trial Counsel's conflict of interest," which should have alerted trial counsel that there was a bona fide question as to his competency.[43] When asked about the conflict waiver at trial, the trial transcript shows that Mr. Hale responded: "It's hard to read some words, but I don't have any issue."[44] This response demonstrates a rational understanding of the issue at hand, even if Mr. Hale did not discern some words in the legal document. Neither this example nor anything else in the record

---

[36] Section 2255 Motion at 12–13, docket no. 1.

[37] *Id.* at 13–15, docket no. 1.

[38] *Id.* at 15–17, docket no. 1.

[39] *Strickland*, 466 U.S. at 689.

[40] Section 2255 Motion at 12–13, docket no. 1.

[41] *U.S. v. Boigegrain*, 155 F.3d 1181, 1188 (10th Cir. 1998) (internal quotations and citations omitted).

[42] Memorandum Decision and Order Denying Motion for a New Trial at 8–9, doc. 337, *U.S. v. Hale* (citing Trial Tr. Vol. 3 at 542–43, doc. 326; Trial Tr. Vol. 4 at 636, doc. 330).

[43] Section 2255 Motion at 12–13, docket no. 1.

[44] Trial Tr. Vol. 3 at 486:1–4, doc. 326.

shows that trial counsel should have had a substantial doubt as to Mr. Hale's competency.
Therefore, trial counsel's handling of Mr. Hale's competency did not constitute ineffective
assistance of counsel.

### *Trial Counsel's Former Relationship with an Adverse Witness Did Not Constitute Ineffective Assistance of Counsel.*

Mr. Hale argues that trial counsel had a conflict of interest because trial counsel had "dated" Pam Stone, a witness for the prosecution and "former girlfriend of Mr. Hale."[45] "A conflict does not arise any time defendant and his counsel had prior dealings that may have been at odds; rather, the interests of counsel and defendant must be divergent in the current litigation, such that the attorney has an interest in the outcome of the particular case at issue that is adverse to that of the defendant."[46] Although a "defendant who shows that a conflict of interest actually affected the adequacy of his representation need not demonstrate prejudice in order to obtain relief," unless a defendant can show that counsel "actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance."[47]

In this case, the record contradicts Mr. Hale's suggestion of an ongoing "romantic entanglement" between trial counsel and the witness.[48] Rather than a "paramour," as Mr. Hale characterizes her, Ms. Stone was trial counsel's date on two occasions in what amounted to a short-lived "platonic" relationship.[49] The relationship did not continue after trial counsel discovered the connection between Ms. Stone and Mr. Hale, and trial counsel "talked to Mr.

---

[45] Section 2255 Motion at 13–15, docket no. 1.

[46] *Hale v. Gibson*, 227 F.3d 1298, 1313 (10th Cir. 2000) (citing *United States v. Soto Hernandez*, 849 F.2d 1325, 1329 (10th Cir. 1988)).

[47] *Cuyler v. Sullivan*, 446 U.S. 335, 349–50 (1980) (internal quotations and citations omitted).

[48] Section 2255 Motion ¶ 59 at 14, docket no. 1.

[49] Trial Tr. Vol. 3 at 485:3–25, doc. 326.

Hale about it."[50] When asked about the relationship at trial, the trial transcript shows that Mr. Hale responded: "It's hard to read some words [in the conflict waiver], but I don't have any issue."[51] Mr. Hale has presented no new evidence to suggest that the relationship between trial counsel and Ms. Stone was more involved than trial counsel stated on the record.

Moreover, there is no evidence that the alleged conflict actually affected the adequacy of trial counsel's representation.[52] Mr. Hale's contention that trial counsel "handled Ms. Stone delicately as one would a friend and paramour" lacks support.[53] Trial counsel greeted Ms. Stone on cross-examination with "good morning,"[54] but the prosecutor used the same pleasantry on direct examination.[55] Trial counsel asked Ms. Stone questions about Mr. Hale's home and about Ms. Stone's interview with agents investigating Mr. Hale.[56] Nothing in the cross-examination suggests impropriety.

Mr. Hale has not shown that his and his trial counsel's respective relationships with Ms. Stone resulted in divergent interests in the outcome of the case between him and trial counsel or any actual effect on the adequacy of counsel's representation. Accordingly, the personal connection among Mr. Hale, Ms. Stone, and trial counsel does not evince ineffective assistance of counsel.

---

[50] *Id.* at 485:18–25.

[51] *Id.* at 486:1–4.

[52] *Cuyler v. Sullivan*, 446 U.S. 335, 349–50 (1980) (internal quotations and citations omitted).

[53] Section 2255 Motion ¶ 61 at 15, docket no. 1.

[54] Trial Tr. Vol. 3 at 506:7, doc. 326.

[55] *Id.* at 501:6, doc. 326.

[56] *Id.* at 506–508, doc. 326.

***Trial Counsel's Level of Preparation for Trial Did Not Constitute Ineffective Assistance of Counsel.***

Mr. Hale argues that his trial counsel "incorrectly assumed that Mr. Hale would change his plea to guilty prior to trial, and as a result, he did not prepare."[57] No evidence is cited for this assumption. Specifically, Mr. Hale finds fault with trial counsel's alleged failure to present evidence that the bankruptcy judge "gave Mr. Hale a firm instruction at the hearing that he was to turn over absolutely everything regarding the property and its management to the trustee," which Mr. Hale contends demonstrates his "true intent for communicating with the trustee."[58] Mr. Hale also finds fault with trial counsel for declining to cross-examine the bankruptcy trustee about "excessive billing practices" or about the marketing for Mr. Hale's property as part of the bankruptcy estate.[59]

"[C]ounsel has wide latitude in deciding how best to represent a client," and courts give deference to counsel's tactical decisions.[60] Mr. Hale has not shown that his trial counsel was deficient under the standards set forth in *Strickland*. Mr. Hale's attorney actively and capably represented him at trial. He cross-examined witnesses, objected to evidence, called defense witnesses and an expert, provided a defense theory, gave a closing arguments, and argued a motion for a judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure. Because trial counsel's performance was not deficient, Mr. Hale is not entitled to vacate his sentence on that basis.

---

[57] Section 2255 Motion ¶ 64 at 16, docket no. 1.

[58] *Id.* ¶ 67 at 16, docket no. 1.

[59] *Id.* ¶¶ 69–70 at 17, docket no. 1.

[60] *See Yarborough v. Gentry,* 540 U.S. 1, 4 (2003)

Therefore, because the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief,[61] no evidentiary hearing on the Section 2255 Motion is necessary. The Section 2255 Motion is denied, and Mr. Hale's action is dismissed with prejudice.

**ORDER**

IT IS HEREBY ORDERED that Mr. Hale's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255[62] is DENIED and DISMISSED with prejudice

IT IS FURTHER ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.

IT IS FURTHER ORDERED that, pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, Mr. Hale is DENIED a certificate of appealability.

The Clerk is directed to close the case.

Dated June 12, 2017.

BY THE COURT:

David Nuffer
United States District Judge

---

[61] 28 U.S.C. § 2255(b).

[62] Defendant's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255, docket no. 1, filed Feb. 22, 2016.